1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CASILLAS MALANCHE,<br><br>            Petitioner,<br><br>      v.<br><br>S. FRAUENHEIM, Warden,<br><br>            Respondent. | No. 1:16-cv-00633-AWI-SKO  HC<br><br>**FINDINGS AND RECOMMENDATION TO  DISMISS PETITION AS UNTIMELY**<br><br>**(Doc.  13)** |

Petitioner Jose Casillas Malanche is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent Scott Frauenheim, Warden of Pleasant Valley State Prison, moves to dismiss the petition as untimely.  The undersigned recommends that the Court dismiss the petition, which was filed after expiration of the statute of limitations.

**I.      Procedural and Factual Background**

On July 27, 2010, a jury in Fresno County Superior Court found Petitioner guilty of (1) forcible rape (California Penal Code § 261(a)(2)); (2) sodomy by use of force (California Penal Code § 286(c)(2)); and (3) sexual penetration by force (California Penal Code § 289(a)(1)).  For each count, the jury found that Petitioner had inflicted great bodily injury upon the victim.  On

1

August 26, 2010, the Superior Court sentenced Petitioner of a determinate term of 24 years, to be followed by an indeterminate term of 15 years to life.

Petitioner appealed his conviction to the California Court of Appeal. On March 2, 2012, the Court of Appeal vacated Petitioner's sentence but otherwise affirmed the conviction. On May 16, 2012, the California Supreme Court denied the petition for review.

On August 20, 2012, the Fresno County Superior Court resentenced Petitioner to an aggregate term of 45 years to life in prison. The California Court of Appeal affirmed on October 18, 2016.

On March 17, 2016, Petitioner filed the above-captioned habeas petition in the U.S. District Court for the Northern District of California. The Northern District Court ordered the petition transferred to this Court on May 2, 2016.

## II.     Timeliness of the Pending Petition

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which applies to all petitions for writ of habeas corpus filed after its enactment. *Lindh v. Murphy*, 521 U.S. 320, 327 (1997). AEDPA provides a one-year period of limitation in which a petitioner may file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period is measured from the latest of:

> (A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing a State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

///

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Direct review in the State of California ended October 18, 2013, when the California Court of Appeal affirmed the judgment. Petitioner did not seek review in the California Supreme Court. The federal statutory limitation period began on November 27, 2013, following the expiration of the 40-day period in which to seek review in the California Supreme Court. Accordingly, the one-year statutory limitation period expired on November 27, 2014. Filed March 17, 2016, the above-captioned petition is untimely.

### III.     Petitioner is Not Entitled to Equitable Tolling

In his reply to the motion to dismiss, Petitioner contends he is entitled to equitable tolling based on his lack of legal experience and reliance on the assistance of other inmates.

The one-year statutory period is intended to protect the federal judicial system from having to address stale claims. *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003). To effectuate that objective, the bar to achieve equitable tolling is set very high. *Id.* A habeas petitioner is entitled to equitable tolling of the one-year statute of limitations only if the petitioner shows that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 634, 648 (2010); *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). The petitioner bears the burden of alleging facts sufficient to support equitable tolling. *Pace v. Di Guglielmo*, 544 U.S. 408, 418 (2005).

To satisfy the first prong, the petitioner must demonstrate reasonable diligence. *Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir. 2010). Failure to act diligently throughout the time at issue will break the link of causation between the extraordinary circumstance and the failure to timely pursue relief. *See Spitsyn v. Moore*, 345 F.3d 796, 802 (9th Cir. 2003) (finding equitable tolling unavailable when the petitioner failed to exercise reasonable diligence under the circumstances that he faced); *Guillory*, 329 F.3d at 1016 (in the absence of diligent effort, extraordinary circumstance did not mandate equitable tolling); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.

///

1999) (denying equitable tolling when the petitioner's own conduct rather than external forces accounted for the untimely filing).

"[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006). A court should "permit equitable tolling of AEDPA's limitations period 'only if extraordinary circumstances beyond a prisoner's control make it impossible to file a claim on time.'" *Miles*, 187 F.3d at 1107, *quoting Calderon v. United States District Court*, 163 F.3d 530, 541 (9th Cir. 1998), *abrogated on other grounds*, *Woodford v. Garceau*, 538 U.S. 202 (2003). The petitioner must show that an external force caused the petition's untimeliness, not "oversight, miscalculation, or negligence." *Waldon-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). A court should determine whether the circumstances are extraordinary using a flexible case-by-case approach, looking for special circumstances that warrant special treatment in an appropriate case. *Holland*, 130 S.Ct. at 2563.

Allegations that a petitioner lacked legal knowledge do not constitute extraordinary circumstances since nearly all inmates lack legal knowledge and rely on the legal assistance of untrained jailhouse lawyers. *See, e.g., Fisher v. Ramirez-Palmer*, 219 F.Supp.2d 1076, 1080-81 (E.D.Cal. 2002); *Wilson v. Bennett*, 188 F.Supp.2d 347, 353-54 (S.D.N.Y. 2002); *Henderson v. Johnson*, 1 F.Supp.2d 650, 655 (N.D.Tex. 1998). Equitable tolling is not warranted based on a petitioner's lack of understanding of the law. *See, e.g., Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (finding that the petitioner's *pro se* status, the law library's missing some reporter volumes, and the petitioner's reliance on busy inmate helpers were not extraordinary circumstances "given the vicissitudes of prison life"); *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[It] is well established that 'ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing'"); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling . . . It is irrelevant

4

whether the unfamiliarity is due to illiteracy or any other reason"); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (finding *pro se* petitioner's illiteracy and lack of legal knowledge insufficient to justify equitable tolling). Nor is equitable tolling warranted because of the delays inherent to prison life, such as lockdowns, inability to obtain relevant legal documents, or physical inability to access the law library: the law requires petitioners to take the restrictions of prison life into account when calculating the time needed to complete and file a federal petition. *See, e.g., Ramirez*, 571 F.3d at 998 (finding ordinary limitations on access to law library insufficient to warrant equitable tolling); *United States v. Van Poyck*, 980 F.Supp. 1108, 1111 (C.D.Cal. 1997) (finding limitations on law library access due to lockdowns insufficient to merit equitable tolling). Because the circumstances leading to Petitioner's untimely submission of his habeas petition were not extraordinary, the undersigned recommends that the Court find that Petitioner is not entitled to equitable tolling of the statute of limitations.

**IV.     Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>     (B) the final order in a proceeding under section 2255.

5


>          (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>          (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that the petition is barred by the statute of limitations to be debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the undersigned recommends that the Court decline to issue a certificate of appealability.

**V.     Conclusion and Recommendation**

The undersigned recommends that the Court dismiss the Petition for writ of habeas corpus with prejudice and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure

to file objections within the specified time may constitute waiver of the right to appeal the District Court's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 7, 2016**                              /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE